RATLIFF, APPELLANT, *v.* FLOWERS, ADMR., BUREAU OF
WORKMEN'S COMPENSATION ET AL., APPELLEES.

(No. 850—Decided September 8, 1970.)

*Messrs. Kimble, Shapiro, Stevens, Harcha & Young,
Mr. Howard H. Harcha, Jr.,* and *Mr. A. Millard Armstrong,*
for appellant.

*Mr. Paul W. Brown,* attorney general, *Mr. James
Maurer* and *Mr. R. Peterson Chalfant,* for appellee Jay C.
Flowers, Administrator, Bureau of Workmen's Compen-
sation.

STEPHENSON, J. Herbert Ratliff was an employee of
the Scioto County Engineer and on July 12, 1958, was in-
jured in a collision while driving a truck in his employ-
ment. He thereafter filed a claim which was allowed and
benefits were paid. On June 26, 1968, he filed a further
claim for additional compensation for a subsequent dis-
ability alleged to have arisen from the original accident.
The claim was denied and a subsequent appeal was filed
in the Scioto County Court of Common Pleas.

Prior to any disposition of his appeal, on February
22, 1969, the claimant died. Defendant, the Administrator

of the Bureau of Workmens Compensation, filed a motion to dismiss the action by reason of abatement due to the claimant's death. Elizabeth Ratliff, administratrix of the claimant, filed a motion to file a supplemental petition. The motion of the defendant was granted, the motion of Elizabeth Ratliff denied and the action dismissed.

Elizabeth Ratliff has instituted an appeal to this court from the judgment of dismissal. The errors assigned are:

"1. The trial court erred in overruling plaintiff-appellant's motion to file her supplemental petition.

"2. The trial court erred in sustaining the motion to dismiss the action."

The reason advanced in the widow's brief for her position is that since by the provisions of R. C. 4123.59, if compensation for total or partial disability has been paid for any portion of the year next preceding the date of death, she would be entitled to death benefits, and, thus, if allowed to proceed with this appeal and, if successful, her husband would have been entitled to compensation within the year preceding death, and, hence, allow her to establish her claim for death benefits.

In the constitutional and statutory scheme of workmen's compensation in Ohio, benefits are payable to two separate and district classes. (1) To living employees and (2) to his dependents after his death. *Bozzelli* v. *Indus. Comm.*, 122 Ohio St. 201. The right of an injured employee to recover exists separate and apart from that of dependents. The first arises at the time of injury and the second at the time of death. *Industrial Commission* v. *Davis,* 126 Ohio St. 593. As a consequence, if a claimant dies *prior to an award,* his estate can recover nothing from the fund. *Industrial Commission* v. *Terrell,* 120 Ohio St. 50; *Bozzelli* v. *Indus. Comm., supra; State, ex rel. Petroff, v. Indus. Comm.,* 127 Ohio St. 65. The widow had no rights against the fund in her capacity as administratrix and this, apparently, plaintiff would concede. The critical question is, however, what rights, if any, did she have as a dependent? We have concluded that, insofar as this action is concerned, she had none. In *Industrial Commis-*

*sion* v. *Kamrath*, 118 Ohio St. 1, Judge Robinson observed at pages 3, 4 and 5:

"* * * In determining rights arising by force and out of the Workmen's Compensation Law it is well to remember that the duties of the Industrial Commission and its obligation to injured employees and dependents of killed employees are only such duties and obligations as are imposed by statute; that the rights of injured employees and the dependents of killed employees to recover from or participate in the state insurance fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory; * * * that if the right to participate in such fund be not found in the Workmen's Compensation Law itself, the right does not exist; and that where it does exist the right is a legal right and does not differ from other legal rights.

"The administrators of such fund are not clothed with a discretion to give or withhold, but are clothed with a power to determine whether the applicant has a legal right to participate in the fund, and to award him participation only in the event they find he has such legal right.

"The power of a court upon appeal is not different from the power of the admimnistrators of the fund in the first instance. The statutory law in force upon the date the cause of action accrues is the measure of the right, and is not subject to enlargement or diminishment by the Industrial Commission or the courts at any time, nor by the Legislature itself subsequent to the accrual of the right.

"The right of the defendant in error to participate in such fund, if it exists, must be found in the provisions of Section 1465-68, General Code, and the sections therein referred to, in force on the 24th day of February, 1923. * * *" Section 1465-68, General Code, is now R. C. 4123.54.

In the case at bar the rights of the plaintiff widow were fixed as of February 22, 1969, and either she met the statutory requirements to participate or she did not.

Counsel for plaintiff are frank that the purpose of the supplemental petition is to bring her within those requirements. While such frankness is to be commended,

we are unpersuaded that an unresolved action by a living employee for compensation during his lifetime is the proper forum for this purpose. We find it significant that plaintiff has cited no case, nor have we found any by our research, which would support, expressly or impliedly, an opposite view. We conclude that the widow must initiate a proceeding at the administrative level on her separate claim. If statutory limitations prohibit participation in the fund where, in justice, participation should be allowed, rather obviously the remedy must be with the Legislature.

Subsequent to argument, we have been referred, by counsel for plaintiff, to the decision of *Rufft* v. *Keller,* 17 Ohio App. 2d 79. The case is distinguishable from the instant case and lends no support to plaintiff's position in this case. The appeal in that decision was from the allowance of death benefits by the Court of Common Pleas after a denial of death benefits at the agency level. It did not involve, as here, a continuation of the action by a dependent in an employee's suit of the employee's cause of action after his death.

We hold that where there is a denial of benefits to an employee and upon appeal to the Common Pleas Court he dies before disposition of the action, the action abates by force of the Workmen's Compensation statutes and the general statutes of abatement and revivor, *i. e.,* R. C. 2311.-21 and 2311.26, are inapplicable. This court reaching this conclusion, it follows that no error intervened to appellant's prejudice below and the judgment must be affirmed.

*Judgment affirmed.*

GRAY and ABELE, JJ., concur.