HOOK; Gentis, Exr., Appellant,

v.

CITY OF SPRINGFIELD, et al., Appellees.

[Cite as *Hook v. Springfield* (2001), 141 Ohio App.3d 260.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2000 CA 71.

Decided Jan. 26, 2001.

*Stewart R. Jaffy, Marc J. Jaffy* and *Alan D. Eakins,* for appellant.

*Robin D. DeBell,* Springfield Law Director, for appellee city of Springfield.

*Betty D. Montgomery,* Attorney General, and *Dennis Behm,* Assistant Attorney General, for appellee Bureau of Workers' Compensation.

WOLFF, Presiding Judge.

Diane Lynn Gentis, the executor of Frederick E. Hook's estate, appeals from a judgment of the Clark County Court of Common Pleas that dismissed Hook's appeal from a decision of the Industrial Commission of Ohio ("Industrial Commission").

Hook was employed by the city of Springfield as a firefighter. In the course of his employment, he was involved with an industrial fire on August 27, 1984. In August 1997, Hook filed a claim for workers' compensation benefits, alleging that he had been exposed to "asbestos and PCB" while at the industrial fire.

On October 20, 1997, the Administrator of the Bureau of Workers' Compensation ("BWC") allowed Hook's claim for the condition of lymphoma-right axilla. Springfield appealed the Administrator's decision. On February 27, 1998, a District Hearing Officer ("DHO") of the Industrial Commission denied Spring-

field's appeal and allowed Hook's claim for the occupational diseases of lymphoma-right axilla, restrictive ventilatory impairment with dyspnea, sleep apnea, and endocrine abnormalities. Springfield appealed the DHO's decision and on March 27, 1998, a Staff Hearing Officer ("SHO") of the Industrial Commission issued an order affirming an allowance for Hook's claim for all of the conditions allowed by the DHO except sleep apnea.

Both Hook and Springfield appealed the SHO's decision. The Industrial Commission heard the case and on June 15, 1998, issued an order disallowing Hook's claim. Hook appealed the Industrial Commission's decision to the trial court.

While Hook's case was pending in the trial court, he died. On May 11, 2000, Gentis filed a motion, as the executor of Hook's estate, to substitute herself as the plaintiff-appellant in the trial court. Springfield and the BWC each filed motions to dismiss Hook's appeal, arguing that his claim for workers' compensation benefits had been extinguished by his death. On August 18, 2000, the trial court overruled Gentis's motion for substitution and dismissed the case.

Gentis now appeals the trial court's decision and raises two assignments of error. We note that Springfield and the BWC filed separate appellee briefs in this case.

"I. A worker's claim for workers' compensation benefits is not extinguished by his death."

Gentis raises three arguments in support of this assignment. First, she argues that this case should be governed by *State ex rel. Nossal v. Terex Div. of I.B.H.* (1999), 86 Ohio St.3d 175, 712 N.E.2d 747. Second, she asserts that under Civ.R. 25(A)(1), an estate can be substituted for a deceased person. Third, she claims that pursuant to R.C. 2311.21 and 2305.21, a workers' compensation claim is not extinguished by an employee–claimant's death.

■ Gentis first argues that this case should be controlled by *Nossal*. Springfield and the BWC each argue that *Nossal* involves distinguishable facts from this case and that this case should be controlled by *State ex rel. Hamlin v. Indus. Comm.* (1993), 68 Ohio St.3d 21, 623 N.E.2d 35, and *Ratliff v. Flowers* (1970), 25 Ohio App.2d 113, 54 O.O.2d 213, 266 N.E.2d 848.

*Nossal* involved the award of death benefits to the surviving spouse of an employee who had died from an occupational disease. *Nossal*, 86 Ohio St.3d at 175, 712 N.E.2d at 747–748. While the employer was appealing a DHO's award of death benefits to the spouse, the spouse died. *Id.* at 175, 712 N.E.2d at 748. After the trial court dismissed the spouse's case due to her death, the administrator of the spouse's estate filed a new cause of action asking the Industrial Commission to pay the spouse's estate the amount of the accumulated death

benefits from the date of the employee's death to the date of the spouse's death. *Id.* When the Industrial Commission denied the administrator's request, the administrator filed a complaint in mandamus in the Court of Appeals for Franklin County. *Id.* at 175–176, 712 N.E.2d at 748. Ultimately, the Supreme Court held that "where the [Industrial Commission] awards death benefits to the surviving spouse of a deceased employee, but the spouse dies before the funds are disbursed, accrued benefits for the period between the deceased employee's death and the spouse's death shall be paid to the spouse's estate." *Id.* at 177, 712 N.E.2d at 749. The court, accepting reasoning from a dissent in a prior case, agreed that it would be illogical and unfair to deny benefits simply because a claimant had failed to live long enough to survive delays in the administrative process. *Id.* at 177, 712 N.E.2d at 749.

Gentis argues that *Nossal* "demonstrates that a worker's claim for workers' compensation benefits does not abate with his death." She claims that if the estate of a spouse can receive the spouse's death benefits, then the estate of an employee should be able to receive the employee's benefits.

A close examination of the facts in *Nossal* reveals that they are distinguishable from the facts in the case before us. *Nossal* involved a claim for *death benefits* made by an employee's surviving spouse. The case before us involved a claim for *living benefits* made by the employee. As we state, *infra,* living benefits and death benefits are distinct and separate. Further, at the time the surviving spouse in *Nossal* died, her claim had been *granted* and the *employer* was appealing. At the time the employee in this case died, his claim had been *denied* and he, the *employee,* was appealing. Thus, our case should be distinguished from *Nossal.* See *Youghiogheny & Ohio Coal Co. v. Mayfield* (1984), 11 Ohio St.3d 70, 11 OBR 315, 464 N.E.2d 133 (noting distinction between an employer's right to appeal, after the employee's death, a grant of benefits to an employee and a deceased employee's estate's right to appeal, after the employee's death, a denial of benefits to the employee).

In *Ratliff,* an injured employee's second claim for living benefits was denied. *Ratliff,* 25 Ohio App.2d at 113, 54 O.O.2d at 213, 266 N.E.2d at 849. While he was appealing the denial to the trial court, he died. *Id.* The trial court dismissed the action after the employee's death. *Id.* at 114, 54 O.O.2d at 213–214, 266 N.E.2d at 849. The appellate court affirmed the trial court's dismissal of the case, stating as follows:

"In the constitutional and statutory scheme of [workers'] compensation in Ohio, benefits are payable to two separate and [distinct] classes[:] (1) To living employees and (2) to his dependents after his death. The right of an injured employee to recover exists separate and apart from that of dependents. The first arises at the time of injury and the second at the time of death. As a

consequence, *if a claimant dies prior to an award, his estate can recover nothing from the fund.*" (Citations omitted and emphasis added in part.) *Id.* at 114, 54 O.O.2d at 213–214, 266 N.E.2d at 849.

Concluding that the employee's widow had no rights against the workers' compensation fund in her capacities as the administrator of his estate or "insofar as this action is concerned" as his dependent, the court held "that where there is a *denial* of benefits to an employee and upon appeal to the [trial court] he dies before disposition of the action, the action abates by force of the [workers' compensation] statutes[.]" (Emphasis added.) *Id.* at 114, 116, 54 O.O.2d at 214, 215, 266 N.E.2d at 849, 850. The court concluded that the widow must initiate a proceeding at the administrative level on her separate claim.

In *Hamlin*, an employee's claim was denied and she died while her appeal of that denial was pending. *Hamlin*, 68 Ohio St.3d at 21–22, 623 N.E.2d at 35–36. Following the reasoning in *Ratliff*, the Supreme Court held that the employee's right to participate in the workers' compensation fund had been abated by her death. *Id.* at 22, 623 N.E.2d at 35.

We find *Ratliff* and *Hamlin* to be controlling in the case before us. In each of those cases, as in the case before us, the employee's claim for living benefits had been denied and the employee was appealing at the time of the employee's death, whereas in *Nossal*, the widow's claim for death benefits had been granted and the employer was appealing at the time of the widow's death. Following the reasoning in *Ratliff* and *Hamlin*, we must conclude that the trial court correctly dismissed the case because Hook's claim for benefits abated at the time of his death.

In coming to this conclusion, we also reject Gentis's argument that *Ratliff* has "no validity" following the Supreme Court's decision in *Nossal.* In *Nossal*, the Supreme Court explicitly overruled *Breidenbach v. Mayfield* (1988), 37 Ohio St.3d 138, 524 N.E.2d 502. *Nossal*, at syllabus. We believe that the Supreme Court would have explicitly stated that it was overruling *Ratliff* and *Hamlin* in its *Nossal* decision had it intended to do so. Because the court did not make such a statement, we will not conclude that *Nossal* overruled *Ratliff* and *Hamlin.*

 Gentis next argues that under Civ.R. 25(A)(1), an estate can be substituted for a deceased person.

Civ.R. 25(A)(1) states, in part, that "[i]f a party dies *and the claim is not thereby extinguished,* the court shall, upon motion, order substitution of the proper parties." (Emphasis added.) The Staff Note to Civ.R. 25(A) states:

"As far as the death of a party is concerned, Rule 25(A) neither affects, nor is affected by, the issue of whether the action 'survives' the death of a party during

the pendency of the action. Rule 25(A) operates only where 'survival' occurs, i.e., where the claim is not extinguished by death."

As we concluded, *supra,* Hook's claim abated at the time of his death. Because such claim was extinguished, Civ.R. 25(A)(1) does not apply to his case.

Gentis also argues that pursuant to R.C. 2311.21 and 2305.21, a workers' compensation claim is not extinguished by an employee–claimant's death.

R.C. 2311.21 states generally that no pending action shall be abated by the death of one of the parties. In *Ratliff,* the court explicitly stated that R.C. 2311.21 was inapplicable to its holding that the claim had abated at the time of the employee's death by force of the workers' compensation statutes. *Ratliff,* 25 Ohio App.2d at 116, 54 O.O.2d at 214–215, 266 N.E.2d at 850.

R.C. 2305.21 generally lists causes of action that survive the death of the person entitled to bring the cause of action or the person liable for such cause of action.

" '[T]he rights of injured employees and the dependents of killed employees to recover from or participate in the [workers' compensation] fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory[.]' " *Id.* at 115, 54 O.O.2d at 214, 266 N.E.2d at 850. Further, if the right to participate in the workers' compensation fund is not found in the workers' compensation statutes, the right does not exist. *Id.* Because the *Ratliff* and *Hamlin* courts concluded that an employee's claim abates at the time of the employee's death by force of the workers' compensation statutes, and because such statutes are completely controlling as to the right to participate in the workers' compensation fund, we do not believe that R.C. 2305.21, a general statute, would cause an employee's claim to survive his death. Thus, Gentis's argument is not persuasive.

The first assignment of error is overruled.

"II. Refusing to permit an injured worker's estate to continue a workers' compensation case violates both OH. Const. Art. II, Sec. 35 and Equal Protection."

Gentis raises two arguments under this assignment. First, she asserts that Section 35, Article II of the Ohio Constitution would be violated if the estate would not be permitted to seek compensation for Hook's benefits after his death. Second, she argues that because employers are permitted to appeal an allowance of benefits to an employee–claimant after such employee has died, equal protection would be violated if the estate would not be permitted to appeal the disallowance of benefits to Hook after his death.

Section 35, Article II of the Ohio Constitution establishes the workers' compensation system in Ohio, stating:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, *laws may be passed* establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom." (Emphasis added.)

■ Gentis argues that Section 35, Article II of the Ohio Constitution would be violated if the estate would not be permitted to seek compensation for Hook's benefits after his death. That provision of the Ohio Constitution does not establish an individual's right to participate in the workers' compensation fund, but instead merely establishes the system itself in Ohio. Further, it specifically provides for laws to be passed to determine an employee's right to participate in the fund. Thus, Gentis's argument is not persuasive.

■ Gentis also argues that because an employer is permitted to appeal an allowance of benefits to an employee–claimant after the employee has died, equal protection would be violated if Hook's estate would not be permitted to appeal the denial of Hook's claim for benefits.

The Supreme Court has held that although an employee's death abates his cause of action for workers' compensation benefits under *Ratliff*, "an employer's appeal * * * from an adverse ruling by the Industrial Commission is not subject to dismissal due to the death of the employee during the pendency of the appeal." *Youghiogheny*, 11 Ohio St.3d at 72, 11 OBR at 317, 464 N.E.2d at 135. The *Youghiogheny* court concluded that when an employee–claimant dies, the case should continue with the state proceeding in the employee–claimant's place because by allowing the case to continue, the employer can pursue its statutory right to appeal the Industrial Commission's decision and the state can attempt to protect the Surplus Fund from which improperly disbursed benefits are recovered (rather than from the deceased employee's estate) when an award of compensation is determined to be improper upon appeal. *Id.* at 72, 11 OBR at 316–317, 464 N.E.2d at 135.

■ Legislative enactments are presumed to be constitutional. *State ex rel. Patterson v. Indus. Comm.* (1996), 77 Ohio St.3d 201, 204, 672 N.E.2d 1008, 1010. " '[D]iscrimination against individuals or groups is sometimes an inevitable result of the operation of a statute. The mere fact that a statute discriminates does not mean that the statute must be unconstitutional.' " *Id.*, citing *Roseman v. Firemen & Policemen's Death Benefit Fund* (1993), 66 Ohio St.3d 443, 446–447, 613 N.E.2d 574, 577. The Equal Protection Clauses of the United States and

Ohio Constitutions apply, however, to all laws, including those enacted under Ohio's workers' compensation scheme. *Id.*

The Fourteenth Amendment to the United States Constitution states:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; * * * nor deny to any person within its jurisdiction the equal protection of the laws."

Section 2, Article I of the Ohio Constitution states:

"All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the general assembly."

Equal protection does not require that laws apply universally to all individuals because "the legislature * * * must, if it is to act at all, impose special burdens upon or grant special benefits to special groups or classes of individuals." *State ex rel. Doersam v. Indus. Comm.* (1989), 45 Ohio St.3d 115, 119, 543 N.E.2d 1169, 1173. Instead, equal protection requires that similarly situated individuals be treated in a similar manner and that laws operate equally upon individuals identified in the same class. *State ex rel. Patterson*, 77 Ohio St.3d at 204, 672 N.E.2d at 1011, citing *Doersam*, 45 Ohio St.3d at 119, 543 N.E.2d at 1173.

Gentis argues that equal protection is violated because an employer is permitted to continue his appeal following an employee's death whereas an employee's estate is not permitted to continue the employee's appeal after his death. To violate the guarantees of equal protection, employers and employees would have to be similarly situated individuals within the same classification of persons. We do not believe that employers and employees are similarly situated, however, because they possess distinct, often competing, interests in the workers' compensation system. Employers are required to fund the system while employees and their dependents receive money from the system if they qualify to participate in it. Perhaps there would be a violation of equal protection if the estates of some employees were permitted to continue an appeal after the employees' deaths while the estates of other employees were not permitted to continue similar appeals after their employees' deaths. Gentis does not, however, make that argument. Because we conclude that Hook and his estate are not similarly situated to his former employer, a genuine equal protection issue is not presented.

The second assignment of error is overruled.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

GRADY and KERNS, JJ., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.