THE STATE EX REL. DILLARD DEPARTMENT STORES, APPELLANT, *v.* RYAN,
ADMR., APPELLEE, ET AL.
[Cite as *State ex rel. Dillard Dept. Stores v. Ryan,*
122 Ohio St.3d 241, 2009-Ohio-2683.]

*Workers' compensation — A second voluntary dismissal under Civ.R. 41(A)(1)(a)
by an employee-claimant filed after the parties had agreed to settle a
claim in an employer-initiated workers' compensation appeal pursuant to
R.C. 4123.512 is not a final judicial determination that payments made to
the employee should not have been made, when the court of common pleas
has not entered judgment to that effect.*

(No. 2007-2225 — Submitted April 8, 2009 — Decided June 16, 2009.)

APPEAL from the Court of Appeals for Franklin County,
No. 06AP-726, 173 Ohio App.3d 339, 2007-Ohio-5556.

_____

SYLLABUS OF THE COURT

A second voluntary dismissal under Civ.R. 41(A)(1)(a) by an employee-claimant
filed after the parties had agreed to settle a claim in an employer-initiated
workers' compensation appeal pursuant to R.C. 4123.512 is not a final
judicial determination that payments made to the employee should not
have been made, when the court of common pleas has not entered
judgment to that effect.

_____

MOYER, C.J.

I

{¶ 1} A self-insured employer can generally obtain reimbursement for
workers' compensation payments made to an employee when those payments are
subsequently found to have been unwarranted through administrative or judicial

proceedings. R.C. 4123.512(H). Here we are presented with the issue of whether reimbursement is required by statute following a second voluntary dismissal by the employee, implicating the double-dismissal rule in Civ.R. 41(A)(1). We hold that reimbursement is not required when the action is dismissed pursuant to a settlement agreement between the employer and employee, even if both the agreement and the dismissal purport to determine that the employee was not permitted to participate in workers' compensation.

## II

{¶ 2} Pamela Scott was injured in 1999 while working for appellant, Dillard Department Stores, a self-insured employer. Her claim for workers' compensation was certified by Dillard. Scott later sought an additional allowance for an "L4-5 Disc Bulge," which Dillard challenged. A district hearing officer from the Industrial Commission additionally allowed the disc condition, and Dillard appealed. A staff hearing officer upheld the decision and the Industrial Commission refused further appeal.

{¶ 3} Dillard then appealed to the Trumbull County Court of Common Pleas, pursuant to R.C. 4123.512. Scott filed her complaint with the court as required by the statute. She later voluntarily dismissed the complaint under Civ.R. 41(A)(1)(a) but refiled it within the time permitted by the saving statute, R.C. 2305.19. Before the trial court could hear the appeal, Scott and Dillard agreed to settle Scott's entire workers' compensation claim. According to the agreement, Dillard would pay Scott $15,000 in exchange for a release of all claims arising from her injuries. The agreement also provided that the appeal in the trial court would "be dismissed with prejudice with the following order: Pamela S. Scott is not entitled to participate in The Ohio Workers' Compensation Fund for the alleged condition of L4-L5 disc bulge at the plaintiff's costs."

{¶ 4} Dillard submitted the settlement agreement to the Industrial Commission for approval pursuant to R.C. 4123.65. As the statute stipulates,

because the commission did not issue an order disapproving the settlement within 30 days, it was automatically approved. R.C. 4123.65(D). Scott dismissed her complaint in the trial court for a second time under Civ.R. 41(A)(1)(a), this time with prejudice.

{¶ 5} Dillard then applied for reimbursement from the state surplus fund for the compensation it had paid to Scott related to the L4-L5 disc bulge. After receiving the application for reimbursement, the Bureau of Workers' Compensation ("BWC") filed a motion for relief from the judgment and for substitution of parties with the trial court, arguing that the appeal should be reinstated and the BWC substituted for Scott as plaintiff so that it could protect the interests of the state surplus fund.

{¶ 6} Before the trial court issued a decision on the BWC's motion, the BWC denied Dillard's application for reimbursement administratively. Dillard subsequently brought the instant action, a complaint for writ of mandamus filed in the Tenth District Court of Appeals, seeking a writ to compel the BWC to vacate its order denying reimbursement and grant reimbursement to Dillard. Dillard argued that Scott's dismissal of the appeal was a final judicial determination that the payments it had made to Scott for the L4-L5 disc bulge should not have been made and that pursuant to R.C. 4123.512 and this court's decision in *State ex rel. Sysco Food Serv. of Cleveland, Inc. v. Indus. Comm.* (2000), 89 Ohio St.3d 612, 734 N.E.2d 361, it was entitled to reimbursement.

{¶ 7} The court of appeals denied the writ. *State ex rel. Dillard Dept. Stores, Inc. v. Ryan*, 173 Ohio App.3d 339, 2007-Ohio-5556, 878 N.E.2d 668, ¶ 10. It held that "a self-insured employer who pays a significant sum of money to settle a workers' compensation claim is not a prevailing party such that the employer can obtain reimbursement from the surplus fund." Id. at ¶ 7. The court argued that "*Sysco* [89 Ohio St.3d 612, 734 N.E.2d 361] carves out a judicial exception on constitutional grounds to the legislature's comprehensive workers'

compensation scheme for Ohio—an exception that we believe should not be lightly extended to cover the facts in the case before us." *Dillard* at ¶ 8. The court also took note of the practical consequences that would follow if Dillard were reimbursed from the surplus fund. Id. at ¶ 9. Employers would be encouraged to pursue meritless appeals, agree to a settlement, and then seek reimbursement, which would quickly deplete the surplus fund. Id.

{¶ 8}   Before the decision of the Tenth District Court of Appeals denying Dillard's claim was issued, Dillard filed a motion for judgment with the trial court, asking the court to issue an order that Scott was no longer entitled to participate in the workers' compensation fund for her L4-L5 disc bulge. *Scott v. Dillard Dept. Stores, Inc.* (Jan. 2, 2008), Trumbull C.P. No. 2002 CV 02440, 2008 WL 6463130. The trial court issued a decision on both Dillard's motion for judgment and the BWC's previously filed motion for relief from the judgment and for substitution of parties. Id. The court denied both motions, finding that the action had been settled and dismissed by the parties and that there was no judgment to vacate. Id.

{¶ 9}   Dillard filed an appeal as of right with this court from the Tenth District's decision denying its complaint for a writ of mandamus.

**III**

{¶ 10}  R.C. 4123.512(H) provides: "If, in a final administrative or judicial action, it is determined that payments of compensation or benefits, or both, made to or on behalf of a claimant should not have been made, the amount thereof shall be charged to the surplus fund * * *." The right to surplus-fund reimbursement for self-insuring employers was upheld in *Sysco*, 89 Ohio St.3d at 614-616, 734 N.E.2d 361.

{¶ 11}  Dillard is now seeking reimbursement from the state surplus fund for compensation it had paid to Scott for her L4-L5 disc bulge prior to reaching a settlement agreement on her entire workers' compensation claim. Dillard argues

that it is entitled to reimbursement because Scott's second voluntary dismissal of her complaint, pursuant to the settlement, amounted to an adjudication on the merits that she was not entitled to compensation. We disagree.

{¶ 12} To be eligible for surplus-fund reimbursement, an employer must have obtained a final judicial determination that compensation should not have been paid. R.C. 4123.512(H). There has been no such determination in this case.

{¶ 13} Dillard is correct that Scott's second voluntary dismissal of her complaint under Civ.R. 41(A)(1)(a) amounts to an "adjudication upon the merits." Civ.R. 41(A)(1). This is known as the "double-dismissal rule." *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 8. The second dismissal is necessarily with prejudice and "res judicata applies if the plaintiff files a third complaint asserting the same cause of action." Id. at ¶ 10.

{¶ 14} The problem, however, is that the circumstances here are substantially different from those of a typical case involving the double-dismissal rule. This case does not involve a plaintiff repeatedly filing and voluntarily dismissing a complaint, thereby prolonging litigation. Scott instead voluntarily dismissed her complaint for the second time only because a settlement had been reached. The double-dismissal rule would prevent her from refiling her complaint, as would the release of claims contained in the settlement agreement. We also note that R.C. 4123.512(D) has been amended, effective June 30, 2006, to prohibit employees from dismissing their complaints without the employer's permission in an employer-initiated appeal, but the amendment does not apply to this case.

{¶ 15} Although Scott's second dismissal was with prejudice, this does not mean there has been a final judicial determination that the payments to Scott related to her L4-L5 disc bulge should not have been made. No court has issued any judgment with such a finding. In fact, the trial court expressly denied Dillard's motion for judgment, which sought a declaration that Scott was not

entitled to participate in the workers' compensation fund for her condition. *Scott v. Dillard Dept. Stores, Inc.* (Jan. 2, 2008), Trumbull C.P. No. 2002 CV 02440, 2008 WL 6463130. The court found that the action had been settled and dismissed. Id.

{¶ 16} The precedent cited by Dillard to support its argument that a second voluntary dismissal amounts to a final judicial determination that benefits were improperly paid is easily distinguishable. Dillard first relies on our holding in *Kaiser v. Ameritemps, Inc.* (1999), 84 Ohio St.3d 411, 704 N.E.2d 1212, syllabus, that "[a] workers' compensation claimant may employ Civ.R. 41(A)(1)(a) to voluntarily dismiss an appeal to the court of common pleas brought by an employer under R.C. 4123.512." We also stated, "If an employee does not refile his complaint within a year's time, he can no longer prove his entitlement to participate in the workers' compensation system." Id. at 415. The facts in *Kaiser*, however, were not related to reimbursement from the surplus fund. Instead, we were presented only with the issue of whether an employee can take advantage of a Civ.R. 41(A)(1)(a) voluntary dismissal even though the employer is the party that brought the appeal. Id. at 412. Although the running of the saving statute would prevent the employee from refiling the complaint, and thus from proving his entitlement to workers' compensation, that result still does not equate to a judicial determination that previous compensation payments should not have been made.

{¶ 17} Dillard also relies on *Fowee v. Wesley Hall, Inc.*, 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, ¶ 19, in which we held that "in an employer-initiated workers' compensation appeal, after the employee-claimant files the petition as required by R.C. 4123.512 and voluntarily dismisses it as allowed by Civ.R. 41(A), if the employee-claimant fails to refile within the year allowed by the saving statute, R.C. 2305.19, the employer is entitled to judgment on its appeal." But *Fowee* only involved the question of whether the saving

statute applied to an employee refiling a complaint in an employer-initiated appeal. Id. at ¶ 1. The court of appeals in *Fowee* had held that the saving statute did not apply and ordered the trial court to proceed on the complaint filed by the employee more than a year after voluntarily dismissing the first complaint. *Fowee v. Wesley Hall, Inc.*, Hamilton App. No. C-040188, 2004-Ohio-7002, at ¶ 1, 4, 22. In reversing the court of appeals and holding that the employer was entitled to judgment on its appeal, we did not hold that the employer was entitled to a judicial finding that payments made to the employee should not have been made. More important, there was no settlement of the workers' compensation claim as there is here, nor was any consideration given to possible reimbursement of the employer from the surplus fund.

## IV

{¶ 18} Dillard attempted to create a final judicial determination that the compensation payments should not have been made by inserting language into the settlement agreement requiring that Scott's complaint "be dismissed with prejudice with the following order: Pamela S. Scott is not entitled to participate in The Ohio Workers' Compensation Fund for the alleged condition of L4-L5 disc bulge at the plaintiff's costs." But as the court of appeals observed, the inclusion of this language in the dismissal entry "does not turn that dismissal into something it is not." *State ex rel. Dillard Dept. Stores v. Ryan*, 173 Ohio App.3d 339, 2007-Ohio-5556, 878 N.E.2d 668, ¶ 73. "[A]lthough courts will place upon a contract the construction which the parties to the contract have placed thereon, that construction is binding only upon such parties and not upon a third person." *Wright Aeronautical Corp. v. Glander* (1949), 151 Ohio St. 29, 42, 38 O.O. 510, 84 N.E.2d 483. The settlement agreement between Dillard and Scott cannot bind the BWC to reimburse Dillard.

{¶ 19} Dillard points out that the Industrial Commission approved the settlement agreement as a matter of law by not objecting to it within the required

statutory period of 30 days. R.C. 4123.65(D). This period of administrative review, however, is "to protect parties against settlements that are 'clearly unfair' or that constitute 'gross miscarriage[s] of justice.' " *Gibson v. Meadow Gold Dairy* (2000), 88 Ohio St.3d 201, 202, 724 N.E.2d 787, quoting R.C. 4123.65(D). There is, therefore, no statutory obligation to review settlement agreements for potential state liability, or specifically for reimbursement from the surplus fund. This administrative approval process falls far short of making the BWC part of the settlement agreement.

{¶ 20} The Tenth District was also apt to point out the practical implications of allowing an employer to obtain reimbursement in these circumstances. See *Dillard*, 173 Ohio App.3d 339, 2007-Ohio-5556, 878 N.E.2d 668, at ¶ 9. Once the Industrial Commission rules in favor of an employee on a compensation claim, the employer is entitled to appeal to the common pleas court. R.C. 4123.512. Employers would be encouraged to pursue even meritless appeals if they thought they could then reach a settlement with the employee and subsequently obtain reimbursement from the surplus fund for all past compensation by simply inserting language into the settlement and dismissal stating that the employee is not entitled to participate. The employee would have little reason to contest such language because the settlement would likely also include a release of claims. Although the employer could not obtain reimbursement for the settlement itself under R.C. 4123.512(H), it could receive reimbursement for compensation already paid. Such a system would quickly deplete the surplus fund, leaving nothing for employers that deserve reimbursement.

**V**

{¶ 21} We hereby affirm the court of appeals judgment denying the writ of mandamus sought by Dillard. In the specific circumstances of this case, there has been no final judicial or administrative determination, pursuant to R.C.

4123.512(H), that payments made to Scott for her claimed L4-L5 disc bulge should not have been made. Dillard is not entitled to reimbursement from the workers' compensation surplus fund. A second voluntary dismissal under Civ.R. 41(A)(1)(a) by an employee-claimant filed after the parties had agreed to settle a claim in an employer-initiated workers' compensation appeal pursuant to R.C. 4123.512 is not a final judicial determination that payments made to the employee should not have been made, when the court of common pleas has not entered judgment to that effect.

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Moscarino & Treu, L.L.P., Michael J. Bertsch, and Kathleen E. Gee, for appellant.

Richard Cordray, Attorney General, and Stephen D. Plymale, Assistant Attorney General, for appellee.

_____