[Cite as *Crick Constr. Co., LLC v. McGarvey Heating, Inc.*, 2011-Ohio-1035.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| CRICK CONSTRUCTION CO., LLC | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00229 |
| MCGARVEY HEATING, INC. | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Civil appeal from the Stark County Court of Common Pleas, Case No. 2010B02033

JUDGMENT:        Reversed and Remanded

DATE OF JUDGMENT ENTRY:        March 7, 2011

APPEARANCES:

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| ROBERT J. ROHRBAUGH, II. | PATRICK CUSMA |
| 4800 Market Street, Ste. A | Courtyard Centre |
| Boardman, OH 44512 | 116 Cleveland Ave. N.W., Ste. 700 |
|  | Canton, OH 44702 |

*Gwin, P.J.*

{¶1} Plaintiff-appellant Crick Construction Company, LLC appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which sustained the motion to dismiss filed by defendant-appellee McGarvey Heating, Inc. Appellant assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SUSTAINING APPELLEE'S MOTION TO DISMISS."

{¶3} The record indicates in 2008, appellee filed an action to foreclose on his mechanics' lien against Elcee Angels, Inc. and Consumers National Bank in Stark County Common Pleas Case No. 2008-CV-04608. Consumers' National Bank is not a party to this appeal. Appellant filed a counterclaim against appellee. Consumers National Bank did not file an answer, and the court entered a default judgment against the bank. The court dismissed appellant's action against appellee and appellee's action against appellant, both without prejudice. The trial court subsequently granted the bank relief from judgment, and the court re-opened the matter. Ultimately, the trial court found appellee's lien had priority over any lien claimed by the bank, but did not rule on the issues between appellant and appellee. On September 23, 2009, the court dismissed the complaint and counterclaim of appellee and appellant without prejudice.

{¶4} On April 30, 2010 appellant filed an application for approval of a cash deposit discharging the mechanics' lien in Case No. 2008CV04608. The court overruled the motion for application of the cash bond. Thereafter, on May 26, 2010, appellant filed a complaint for breach of contract against appellee, Case No. 2010

CVC02033. The parties agree this was essentially a re-filing of the counterclaim, raised, but never adjudicated, in the 2008 case.

{¶5} It appears there was some confusion in common pleas court. The matter was originally assigned to Judge Charles E. Brown, Jr. On June 3, 2010, the Administrative Judge transferred the matter to Judge Lee Sinclair, the judge who presided over the 2008 case. The Administrative Judge found the case was a re-filing of Case No. 2008CV04608. However, on June 8, 2010, the Administrative Judge entered another judgment, finding the case was inadvertently transferred from Judge Brown to Judge Sinclair as a re-filing of Case No. 2008CV04608. The Administrative Judge transferred the matter back to Judge Brown.

{¶6} On July 20, 2010, the trial court granted appellee's motion to dismiss the complaint finding the matter should be litigated in Case No. 2008CV04608.

{¶7} Appellee suggests appellant had an opportunity to fully and fairly litigate the issue, and thus appellant cannot raise the same issues in this new proceeding. Appellee suggests the matter is res judicata, but we find the issues between these two parties have never been decided with a final judgment or decree. Accordingly, the matter is not res judicata. See *State ex rel. Dillard Department Store v. Ryan,* 122 Ohio St.3d 241, 2009 -Ohio- 2683, 910 N.E.2d 438. In *Ryan*, the Court found res judicata and the two-dismissal rule did not apply where there was no administrative or judicial determination or final judgment, and the plaintiff voluntarily dismissed her complaint a second time because she believed the matter was settled.

{¶8} Appellee cites us to no authority for dismissal in a case where a counterclaim is re-filed as a complaint. The matter was clearly filed within the one year

saving statute, R.C. 2305.19,  and this court knows of no way for appellant to revive his action other than by filing a complaint.

{¶9}   We find the trial court erred in dismissing the matter as filed under the wrong case number.  We find regardless of whether appellant's claims against appellee are made as a counterclaim, or as a complaint, appellant may pursue his claims because there is no prior final order adjudicating the matter .

{¶10}  The assignment of error is sustained.

{¶11}  For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

WSG:clw 0218

[Cite as *Crick Constr. Co., LLC v. McGarvey Heating, Inc.*, 2011-Ohio-1035.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CRICK CONSTRUCTION CO., LLC     :

                 :

        Plaintiff-Appellant     :

                 :

                 :

-vs-                      :         JUDGMENT ENTRY

                 :

MCGARVEY HEATING, INC.        :

                 :

                 :

        Defendant-Appellee     :         CASE NO. 2010-CA-00229

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE