[Cite as *France v. France*, 2011-Ohio-2402.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 95629 and 95729**

## LYNDA R. FRANCE

PLAINTIFF-APPELLEE

vs.

## JOHN P. FRANCE

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED IN PART, REVERSED AND**
**REMANDED IN PART**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-331762

**BEFORE:** Jones, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** May 19, 2011
**ATTORNEYS FOR APPELLANT**

Andrew A. Zashin
Jonathan A. Rich
Robert M. Fertel
Deborah L. Goodrich
Christopher R. Reynolds
Zashin & Rich Co., L.P.A.
55 Public Square, 4th Floor
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael Simms
23500 Mercantile Road
Suite B
Beachwood, Ohio 44122

**Pro Hac Vice**

Gary E. Williams
Matthew W. Wilson
The Law Firm for Family Law
4625 East Bay Drive
Suite 305
Clearwater, FL 33764

LARRY A. JONES, J.:

{¶ 1} In this consolidated appeal, plaintiff-appellant, Lynda France ("Lynda"), appeals the trial court's judgments (1) granting defendant-appellee's, John France ("John"), motion to dismiss, and (2) denying Lynda's combined motions to vacate, for relief from judgment pursuant to Civ.R. 60(B), and for reconsideration (collectively referred to as "Civ.R. 60(B)

motion for relief from judgment.")   We affirm in part and reverse and remand in part.

I.   Procedural History

{¶ 2}   In May 2010, Lynda filed a complaint for legal separation against John.   She also filed a motion for temporary orders regarding parental rights and responsibilities, spousal support, and marital expenses.   In a supplement to that motion, Lynda sought to restrain John from taking the couple's minor children from Ohio to Florida.

{¶ 3}   In July 2010, John appeared in the action for the "limited purpose of asserting the defenses of failure of service of process and lack of jurisdiction," and on July 12, 2010, filed a motion to dismiss for lack of jurisdiction.   John filed a supplement to that motion on July 22.   On July 28, the trial court granted John's unopposed motion to dismiss on the ground that John had previously filed a legal proceeding against Lynda in Florida and found that the issues raised in Lynda's complaint would be determined in the Florida action and, therefore, jurisdiction was vested in Florida.   Thereafter, on July 30, Lynda filed a response in opposition to John's motion to dismiss.

{¶ 4}   On August 10, 2010, Lynda filed a Civ.R. 60(B) motion for relief from judgment. On August 27, Lynda filed a notice of appeal from the judgment granting John's motion to dismiss.   John filed a motion to stay all trial court proceedings pending resolution of the appeal, which the trial court granted.   This court ordered a limited remand for the purpose of the trial court ruling on Lynda's Civ.R. 60(B) motion for relief from judgment.   Pursuant to

that remand, on September 15, the trial court denied Lynda's motion. Lynda appealed that judgment, and the two cases have been consolidated.

{¶ 5} Lynda presents nine assignments of error for our review, which are set forth in the appendix. The gravamen of her challenge within those assignments of error is that the trial court erred in dismissing her complaint and abused its discretion in denying her Civ.R. 60(B) motion for relief from judgment.

II. Law and Analysis

A. Motion to Dismiss

{¶ 6} Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the claim. The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. *Ferren v. Cuyahoga Cty. Dept. of Children & Family Servs.*, Cuyahoga App. No. 92294, 2009-Ohio-2359, ¶3. In making that determination, a court is "not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." *Shockey v. Fouty* (1995), 106 Ohio App.3d 420, 423, 666 N.E.2d 304. Appellate review of an appeal of a dismissal for lack of subject matter jurisdiction under Civ.R. 12(B)(1) is de novo. *Boutros v. Noffsinger*, Cuyahoga App. No. 91446, 2009-Ohio-740, ¶12.

{¶ 7} R.C. Chapter 3127 is Ohio's version of the Uniform Child Custody Jurisdiction

and Enforcement Act ("UCCJEA" or "the Act"). The Act gives "'jurisdictional priority and exclusive continuing jurisdiction to the home state.'" *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶21, quoting Annotation, Construction and Operation of Uniform Child Custody Jurisdiction and Enforcement Act (2002), 100 A.L.R.5th 1, 20, Section 2 [b].

{¶ 8} R.C. 3127.15 sets forth the requirements for a court of this state to have jurisdiction to make an initial determination in a child custody proceeding. Under that section, jurisdiction lies in Ohio if any of the following apply: (1) Ohio is the home state of the child at the time the custody proceeding was commenced, or within six months prior to the commencement of the proceeding and the child is absent from the state, but a parent or parental figure continues to live in the state; (2) a court of another state does not have jurisdiction because it is not the child's home state, or it has declined to exercise jurisdiction because Ohio is the more appropriate forum and (i) there is a significant connection to Ohio and (ii) substantial evidence relative to the child's care, protection, training, and personal relationships is available in Ohio; (3) all other courts having jurisdiction have declined to exercise jurisdiction because Ohio is a more appropriate forum; or (4) no other court of any state would have jurisdiction.

{¶ 9} R.C. 3127.23 sets forth the facts that need to be pleaded "in the party's first pleading or in an affidavit attached to that pleading" in a child custody proceeding. Those

facts include the child's present address or whereabouts, the places the child has lived within the last five years, and the name and present address of each person with whom the child has lived during that period. The section also requires that information about past custody determinations, current relevant proceedings, and the names and addresses of any person claiming to have rights with respect to the child be pleaded.

{¶ 10} Lynda's four-paragraph complaint alleged that: (1) prior to filing the complaint, she had been a resident of Ohio for at least six months and a resident of Cuyahoga County for at least 90 days; (2) she and John were married in Italy in 2005; (3) she and John had two children during their marriage; and (4) she and John were "incompatible" and John was "guilty of one or more acts which constitute grounds for a legal separation[.]" Upon these allegations, Lynda sought, among other things, a legal separation from John and custody of the minor children. No attachments accompanied the complaint.

{¶ 11} In her motion for temporary orders regarding, among other things, parental rights and responsibilities, filed the same day as her complaint, Lynda requested an order "[d]etermin the rights and responsibilities regarding the parties' minor children," and requested a hearing so that testimony could be presented to show that her request should be granted. No attachments accompanied the motion or the supplement to the motion.

{¶ 12} In his motion to dismiss, John submitted documentation from the Florida case, including the docket, showing that his case was initiated in March 2010 and service was had on

Lynda on May 25, 2010, the day before she filed this case. At the time the court ruled on John's motion to dismiss, it was uncontested.

{¶ 13} On this record, the trial court did not err in granting John's motion to dismiss on the ground that Florida had jurisdiction over the issues raised in Lynda's complaint. No facts were averred to or pleaded relative to Ohio being the proper forum under the UCCJEA, and the motion was unopposed. Accordingly, the trial court's judgment dismissing the complaint is affirmed.

B. Civ.R. 60(B) Motion for Relief from Judgment

{¶ 14} We review a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse-of-discretion standard. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 15} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Ent., Inc. v.*

*River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.

"To prevail on [a] motion under Civ. R. 60(B), the movant must demonstrate that:

"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (citations omitted).

{¶ 16} Lynda contended in her motion that she had a meritorious claim to present if her motion were granted. Specifically, she claimed that Ohio is the children's home state. In support of her contention, Lynda submitted her affidavit wherein she averred that in June 2009, after the dismissal of a previous divorce case she had filed against John, she and John attempted to reconcile their differences and they lived together with their children in their marital home in Westlake. She further averred that without her consent John took the children to Florida in March 2010, but returned with them in May 2010. According to Lynda's affidavit, on May 26, 2010, John took the children to Florida again without her consent, and she has since been trying to secure their return.

{¶ 17} In opposition to Lynda's Civ.R. 60(B) motion, John sought to strike Lynda's affidavit on the grounds that it "contain[ed] unverified and self-serving assertions and * * * impermissible hearsay." We have reviewed the affidavit and find that the above-mentioned portions of it were permissible.

{¶ 18} John further contended in his opposition that the trial court found that Florida had "significant-connection" jurisdiction under the UCCJEA. We disagree. The trial court noted the existence of the Florida case, and based on that existence alone, without any analysis or discussion as to why there might be a "significant connection" with Florida, granted John's motion to dismiss. In fact, the trial court's judgment entry did not use the words "significant connection," but, rather simply stated that the case was "dismissed for the reason that the State of Florida has jurisdiction over the issues raised in Plaintiff's Complaint for Legal Separation."

{¶ 19} In denying Lynda's Civ.R. 60(B) motion, the trial court found that the dismissal was proper because Lynda "failed to follow the local rules of [the] court" by not attaching an affidavit to her complaint or motion for temporary orders regarding parental rights and responsibilities, spousal support, and marital expenses. That is true and, therefore, as discussed, the judgment granting John's motion to dismiss was proper. But Lynda attached an affidavit to her Civ.R. 60(B) motion. The trial court did not discuss why she was not entitled to relief from judgment based on the affidavit she did provide. As previously noted, "[a] decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ent., Inc.*, supra at 161.

{¶ 20} Lynda's motion for relief from judgment was based on "mistake, inadvertence, surprise or excusable neglect" under Civ.R. 60(B)(1) and "any other reason justifying relief

from judgment" under Civ.R. 60(B)(5).

{¶ 21} "The term 'excusable neglect' is an elusive concept which has been difficult to define and to apply." *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. Because of this difficulty, the Ohio Supreme Court has defined the term in the negative, saying that neglect is not excusable if it can be labeled as a "complete disregard for the judicial system" or if the conduct "falls substantially below what is reasonable under the circumstances." *GTE*, supra at 152-153. The determination of whether a particular failure is excusable neglect "must be made from all the individual facts and circumstances in each case." *D.G.M., Inc. v. Cremeans Concrete & Supply Co., Inc.* (1996), 111 Ohio App.3d 134, 138, 675 N.E.2d 1263. However, courts must remember that Civ.R. 60(B)(1) is a remedial rule "to be liberally construed with a view for effecting a just result." *State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections* (1993), 67 Ohio St.3d 134, 136, 616 N.E.2d 869. "[D]oubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *GTE* at 151.

{¶ 22} Upon review, we find that Lynda's failure to timely respond to the motion to dismiss[1] and failure to submit an affidavit with her initial pleadings were excusable neglect. She did submit an affidavit with her Civ.R.60(B) motion and upon review of the affidavit, we find that it established that Lynda has a meritorious claim to present. Thus, the first two

---

[1]She filed her opposition two days after the court dismissed her complaint.

prongs of the *GTE* test were met.

{¶ 23} We also find that the final prong of the *GTE* test, the timeliness of the Civ.R. 60(B) motion, was met. The court dismissed Lynda's complaint on July 28, 2010, and approximately two weeks later, on August 10, 2010, Lynda filed her Civ.R. 60(B) motion. On this record, the motion was timely.

{¶ 24} In light of the above, the trial court abused its discretion by denying Lynda's Civ.R. 60(B) motion for relief from judgment.

Judgment dismissing the complaint is affirmed. Judgment denying the Civ.R. 60(B) motion for relief from judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR

APPENDIX

{¶ 25} "I.   The trial court erred and abused its discretion in dismissing appellant's complaint for legal separation solely based upon the fact that service of the Florida paternity petition was obtained prior to service being obtained on her complaint.

{¶ 26} "II.   The trial court erred and abused its discretion in failing to determine whether it possessed subject-matter jurisdiction over the child custody issue under Ohio's version of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).

{¶ 27} "III.   The trial court erred and abused its discretion in failing to conduct an evidentiary hearing in order to determine whether Ohio was the children's home state pursuant to the UCCJEA.

{¶ 28} "IV.   The trial court erred and abused its discretion in overruling appellant's Civ.R. 60(B) motion based upon an issue waived by the appellee.

"V.   The trial court denied appellant due process by overruling her Civ.R. 60(B) motion due to the alleged failure to file a section 3127.23(A) affidavit without providing her prior notice of its intention and an opportunity to respond thereto.

"VI.   The trial court erred and abused its discretion in overruling appellant's Civ.R. 60(B) motion on mere procedural grounds without providing her notice and an opportunity to

correct any such deficiencies.

"VII.   The trial court erred and abused its discretion by overruling appellant's Civ.R. 60(B) motion without properly considering the required factors established by the Ohio Supreme Court in *GTE Automatic Electric, Inc. v. Arc Industries, Inc.* 47 Ohio St.2d 146, 150-151 (1975).

"VIII.   The trial court erred and abused its discretion in failing to conduct an evidentiary hearing on appellant's Civ.R. 60(B) motion when the motion and attached affidavit contained sufficient operative facts warranting relief from judgment.

"IX.   The trial court erred and abused its discretion when it placed form over substance and dismissed appellant's complaint and Civ.R. 60 motion based upon an alleged procedural deficiency rather than on the merits."