Cupp, J.,
concurring.
{¶ 25} Because I conclude that the interpretation that the court makes today of the admittedly unclear statutory section is the one that best comports with the statute’s text, I join in the opinion and judgment.
{¶ 26} The statute, however, if not amended by the General Assembly, creates a potential pitfall for all three of the indispensable parties to a workers’ *324 compensation appeal: the claimant, the employer, and the administrator of the Bureau of Workers’ Compensation.
{¶ 27} The administrator lays out these pitfalls for the employer and the Bureau of Workers’ Compensation fairly clearly in his brief:
The Administrator needs notice of all R.C. 4123.512 appeals at the outset, as required by R.C. 4123.512(B), because litigation' — even at an early stage — can proceed in numerous ways that are unfavorable to the Administrator and the state fund. For example, if the Administrator lacks notice that an employer is appealing the commission’s approval of a workers’ compensation claim, the employer could — without the Administrator’s opposition — prevail in a motion to dismiss or motion on the pleadings, overturn the commission’s decision, and apply for a premium rate adjustment. Alternatively, if a claimant appeals the commission’s denial of a claim without giving notice to the Administrator and prevails on a motion for summary judgment, the workers’ compensation fund would be liable for the costs of the claim, even though the Administrator had no opportunity to oppose the motion.
Even more troublesome, if appeals can proceed without notice to the Administrator, then an employer and claimant could settle without the Administrator’s participation, causing additional difficulties related to fund administration. See, e.g., State ex rel. Dillard Dep’t Stores v. Ryan, 122 Ohio St.3d 241, 2009-Ohio-2683 [910 N.E.2d 438] (employer unable to obtain reimbursement after settling with claimant when the parties failed to notify the bureau of the settlement). In all these situations, the Administrator, lacking notice, is unable to protect fully the resources that all parties want to access and that the Administrator is charged with protecting: the state fund and the surplus fund.
(Emphasis sic.)
{¶ 28} A claimant, however, also has reason to be concerned about the validity of any judgment on appeal in which there was a failure to join and serve notice of the appeal on the administrator, a statutorily indispensable party: a potentially void or voidable judgment or settlement. The administrator is likely to have a strong argument that any award or settlement made in a proceeding that did not join the administrator was made without statutory authorization and is void.
O’Connor, C.J., and Lundberg Stratton, J., concur in the foregoing opinion.
*325 Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor, Elisabeth A. Long, Deputy Solicitor, and Elise Porter and Colleen C. Erdman, Assistant Attorneys General, for appellant.
Philip J. Fulton Law Office, Philip J. Fulton, and Ross R. Fulton, urging affirmance on behalf of amici curiae, Ohio Association of Claimants’ Counsel and Ohio Association for Justice.