**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Jackson v. Ohio Adult Parole Auth.,* **Slip Opinion No. 2014-Ohio-2353.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-2353

THE STATE EX REL. JACKSON, APPELLANT, *v*. OHIO ADULT PAROLE

AUTHORITY ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Jackson v. Ohio Adult Parole Auth.,* **Slip Opinion No. 2014-Ohio-2353.]**

*Mandamus—Civ.R. 60(B)—Relief from judgment—Civ.R. 41(A)(1)—Double-dismissal rule—Negligence of relator's attorney in voluntarily dismissing complaint for second time, thereby destroying relator's ability to refile, is inexcusable neglect and is attributable to relator—Court of appeals did not abuse its discretion in denying Civ.R. 60(B) relief.*

(No. 2013-0693—Submitted December 10, 2013—Decided June 5, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 12AP-675.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Sonya R. Jackson, appeals the decision of the Tenth District Court of Appeals denying her motions for relief from judgment and for

leave to file an amended complaint in mandamus. For the reasons set forth below, we affirm the judgment of the court of appeals.

*Background*

{¶ 2} The history of this case begins with the filing of a pro se declaratory-judgment action against the members of the parole board in Cuyahoga Common Pleas Court. *Jackson v. Mauser*, Cuyahoga C.P. No. CV-12-773475 ("*Jackson I*"). In that suit, Jackson argued that the parole board, in its consideration of her parole request, disregarded a binding mandate from the governor. On March 21, 2012, Jackson filed a Civ.R. 41(A) notice of voluntary dismissal.

{¶ 3} On August 15, 2012, Jackson, now represented by Assistant State Public Defender Dennis Pusateri, filed a complaint for a writ of mandamus in the Tenth District Court of Appeals against respondents, Ohio Adult Parole Authority and the Ohio Parole Board. *State ex rel. Jackson v. Ohio Adult Parole Auth.,* 10th Dist. Franklin No. 12AP-675 ("*Jackson II*"). In that complaint, she made the following allegations:

{¶ 4} (1) Jackson was sentenced to prison for a term of 20 years to life. In November 2009, after she had served 11 years of her sentence, Governor Strickland commuted her sentence to 12 years to life. The warrant of commutation made Jackson eligible for parole and directed the parole board to release her "when the Board determines that she is prepared to integrate successfully into society."

{¶ 5} (2) The parole board conducted a hearing on January 7, 2010. The board declined to release Jackson and continued consideration of her parole until she completed the original minimum sentence of 20 years "in order to not demean the serious nature of the crime."

**{¶ 6}** (3) By basing its decision on the seriousness of the offense, rather than her ability to reintegrate into society, the board disregarded its legal mandate from the governor.

**{¶ 7}** Upon review of the complaint, a magistrate recommended dismissal, on the ground that the affidavit listing prior actions attached to the complaint named four such actions but described only one, thereby failing to comply with R.C. 2969.25(A).

**{¶ 8}** Faced with the magistrate's recommendation, Pusateri decided that rather than fight the dismissal, he would simply allow the court to dismiss the action and then refile the complaint.

**{¶ 9}** Pusateri did not receive the necessary affidavits back from Jackson until October 31, 2012. During the two months between the magistrate's recommendation and Pusateri's receipt of the executed affidavits, a notion "erroneously settled into [his] head" that the court had dismissed *Jackson II*, even though he had never received an entry of dismissal. He therefore filed a new mandamus petition on November 1, 2012, *State ex rel. Jackson v. Ohio Adult Parole Auth.,* 10th Dist. Franklin No. 12AP-938 ("*Jackson III*").

**{¶ 10}** On December 3, 2012, the respondents filed a motion to stay *Jackson III* because *Jackson II*, which raised the same issues, was still pending, despite the magistrate's recommendation.

**{¶ 11}** Rather than move to amend the *Jackson II* complaint, Pusateri elected to dismiss *Jackson II* voluntarily and proceed under the complaint in *Jackson III*, as that course of action was "simpler," presumably because the complaint in that case already had the necessary affidavits attached.

**{¶ 12}** Respondents then moved for summary judgment in *Jackson III* on the ground that the voluntary dismissal of *Jackson II* triggered the "double dismissal" rule, by which a second voluntary dismissal under Civ.R. 41(A)

becomes a final judgment on the merits. The court of appeals agreed and granted summary judgment in favor of the board in *Jackson III* on June 28, 2013.

{¶ 13} In response, Pusateri filed a Civ.R. 60(B) motion for relief from the judgment of dismissal in *Jackson II*, arguing that the voluntary dismissal was the product of "excusable neglect." He supported the motion with his own affidavit, in which he conceded that he was aware of Jackson's pro se declaratory-judgment action and of her voluntary dismissal of that action. "It did not occur me [sic] that it could be argued that my client's *pro se* declaratory judgment action * * *, referred to in an affidavit of prior action attached to the complaint in [*Jackson III*], was a voluntary dismissal that could trigger the 'double dismissal' rule contained in Civ.R. 41(A)."

{¶ 14} "I was negligent," he concluded, "for inadvertently failing to connect the dots between my voluntary dismissal of [*Jackson II*] and my client's voluntary dismissal of her *pro se* declaratory judgment case." He also filed a motion for leave to amend the *Jackson II* complaint in order to attach the omitted affidavits. The court of appeals denied the motions on March 19, 2013.

{¶ 15} Jackson appealed *Jackson II* to this court. The matter has been fully briefed and is ripe for adjudication.

*Legal analysis*

{¶ 16} The "double dismissal" rule is set forth in Civ.R. 41(A)(1): "a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." The second voluntary dismissal is thus with prejudice, and res judicata will bar the filing of a third action. *State ex rel. Dillard Dept. Stores v. Ryan*, 122 Ohio St.3d 241, 2009-Ohio-2683, 910 N.E.2d 438, ¶ 13; *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 8.

{¶ 17} Jackson twice voluntarily invoked Civ.R. 41(A) to dismiss her case. The second dismissal was thus with prejudice, and res judicata barred the

new complaint in *Jackson III*. Her only remaining avenue, therefore, was to persuade the court to vacate the final judgment in *Jackson II*.

**{¶ 18}** To prevail on a Civ.R. 60(B) motion for relief from judgment, a movant must demonstrate (1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). The timeliness of Jackson's motion is not in dispute.

**{¶ 19}** Civ.R. 60(B) provides that "[o]n motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *." To determine whether neglect is excusable or inexcusable, a court must consider all the surrounding facts and circumstances. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988). Pusateri's decision to dismiss *Jackson II*, rather than seek leave to amend the complaint, certainly qualifies as neglect. *See Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271, 533 N.E.2d 325 (1988) (failure to file reply to counterclaim due to an oversight "clearly * * * amounts to an admission of neglect").

**{¶ 20}** The issue before the court of appeals was whether Pusateri's conduct qualified as *excusable* neglect, within the meaning of Civ.R. 60(B)(1). The court of appeals concluded that it did not.

**{¶ 21}** An appellate court reviews a decision on a Civ.R. 60(B) motion for abuse of discretion. *Rose Chevrolet* at 21. We apply this same standard when, as in this case, we are acting as a first-level appellate court reviewing a case originating in the court of appeals. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

**{¶ 22}** The abuse-of-discretion standard extends to the question whether a movant has demonstrated excusable neglect. *See Peter M. Klein Co. v. Dawson*, 10th Dist. Franklin No. 10AP-1122, 2011-Ohio-2812, ¶ 11-12.

> The [trial] court's discretion to determine whether excusable neglect exists "necessarily connotes a wide latitude of freedom of action * * * and a broad range of more or less tangible or quantifiable factors may enter into the trial court's determination. Simply put, two trial courts could reach opposite results on roughly similar facts and neither be guilty of an abuse of discretion."

*Id.* at ¶ 11, quoting *McGee v. C & S Lounge*, 108 Ohio App.3d 656, 661, 671 N.E.2d 589 (10th Dist.1996).

**{¶ 23}** We have defined excusable neglect in the negative: a defendant's inaction is not excusable neglect if it can be deemed a " 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 153, 351 N.E.2d 113 (1976).

**{¶ 24}** A represented party bears a greater burden to show excusable neglect. "[A]ttorney conduct falling 'substantially below what is reasonable under the circumstances' constitutes inexcusable neglect." *Hai v. Flower Hosp.*, 6th Dist. Lucas No. L-07-1423, 2008-Ohio-5295, ¶ 21, quoting *GTE* at 152; *see also Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 68, 479 N.E.2d 879 (1985) (the phrase "substantially below what is reasonable under the circumstances" in *GTE* is "additional guidance as to when conduct is excusable").

**{¶ 25}** Thus, attorney Pusateri's conduct is inexcusable if it can be labeled a complete disregard for the judicial system *or* if the conduct falls substantially below what was reasonable under the circumstances. *See, e.g., France v. France*,

8th Dist. Cuyahoga Nos. 95629 and 95729, 2011-Ohio-2402, ¶ 21; *Engle v. Rostami*, 2d Dist. Montgomery No. 23914, 2011-Ohio-878, ¶ 10; *Heard v. DuBose*, 1st Dist. Hamilton No. C-060265, 2007-Ohio-551, ¶ 19.

{¶ 26} Pusateri admitted two mistakes: assuming that this case had already been dismissed and failing to recall that one of his client's prior filings was a declaratory-judgment action raising similar claims.

{¶ 27} As to the first error, the court of appeals "reject[ed] counsel's assertion that his erroneous belief about the status of the case constitutes mistake, inadvertence, or excusable neglect as those terms are defined in the context of Civ.R. 60(B)." *Jackson II*, at ¶ 9. It appears that the erroneous decision to dismiss *Jackson II* was made as a matter of convenience; it was easier to proceed in *Jackson III* because that complaint had the necessary affidavits. The court of appeals went on to hold that counsel's failure to recall previous dismissals was also not excusable neglect under Civ.R. 60(B). *Id*., ¶ 10. By his own admission, Pusateri was aware of his client's pro se declaratory-judgment action in the common pleas court and of her voluntary dismissal of that action. We have long held that the inexcusable neglect of an attorney is attributable to the represented party. *GTE Automatic*, 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph four of the syllabus.

{¶ 28} We hold that the court of appeals' decision rejecting Jackson's assertion of excusable neglect was not unreasonable, arbitrary, or unconscionable and did not constitute an abuse of discretion. Rather, the court based its decision on a well-reasoned analysis of counsel's deliberate actions. We therefore affirm the decision to deny Jackson's motions for relief from judgment and leave to file an amended complaint.

{¶ 29} Because we affirm the court of appeals' ruling that Jackson failed to establish exclusable neglect, we do not reach the question whether Jackson met

the remaining requirement for relief from judgment: demonstration of a meritorious claim if relief is granted.

{¶ 30} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY and FRENCH, JJ., concur.

O'DONNELL, J., concurs in judgment only.

PFEIFER, LANZINGER, and O'NEILL, JJ., dissent.

_____

**O'NEILL, J., dissenting.**

{¶ 31} I respectfully dissent from the majority opinion in this case. Any fair reading of the court of appeals decision will reveal that it is a classic elevation of form over substance. Civ.R. 60(B) is a remedial rule, and it was an abuse of discretion for the lower court to deny Jackson leave to file an amended complaint so that she can have a full and fair hearing on the merits of her case.

{¶ 32} The proper application of Civ.R. 60 is all the more significant in this unique matter in light of Jackson's allegation that a substantive order of the governor of Ohio is being ignored. This simply cannot happen in a judicial system founded on the rule of law.

{¶ 33} Jackson alleges that at her parole hearing, the Ohio Parole Board failed to follow conditions in a warrant of commutation issued by the governor. Attempts to address this failure resulted in mistakes on the part of Jackson's attorney. The issue is whether these mistakes are the sort that can be remedied by Civ.R. 60(B). The majority opinion restates this court's definition of excusable neglect, once again defining that term in the negative: "a defendant's inaction is not excusable neglect if it can be deemed a ' "complete disregard for the judicial system." ' " Majority Opinion at ¶ 23, quoting *Kay v. Marc Glassman, Inc.,* 76

Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 153, 351 N.E.2d 113 (1976).

{¶ 34} In *Colley v. Bazell,* 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980), this court stated that

> the concept of "excusable neglect" must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." 11 Wright & Miller, Federal Practice & Procedure 140, Section 2851, quoted in *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 12 [371 N.E.2d 214].

{¶ 35} The majority does not appear to believe that the ill-fated dismissal strategy was a cynical move designed to deceive. Indeed, there is no reason to believe that it was anything but an honest mistake by an attorney attempting to get his client's plight before the proper tribunal. It is precisely the sort of case that Civ.R. 60(B) is designed to address. The majority is simply mistaken when it states that these facts demonstrate a complete disregard for the judicial system or a substandard performance. Total disregard for the judicial system connotes far worse behavior, such as a litigant who obstinately refuses to attend a deposition or a lawyer who repeatedly misses court dates. If Jackson's allegations are true, an order from the governor of this state is being ignored. By labeling her attorney's honest mistake "inexcusable," the majority denies her a chance to prove her case and perhaps even gain her freedom. Some might argue that the real "disregard for the judicial system" is to be found not in the attorney's unfortunate mistake but in today's hypertechnical result.

**{¶ 36}** I make no judgment here as to whether the petition should have been granted on its merits. But to hold, as the majority does, that procedure is more important than substance is simply wrong. I therefore respectfully dissent.

PFEIFER and LANZINGER, JJ., concur in the foregoing opinion.

_____

Timothy Young, Ohio Public Defender, and Stephen A. Goldmeier, Assistant Public Defender, for appellant.

Michael DeWine, Attorney General, and Peter L. Jamison, Assistant Attorney General, for appellees.

_____